MILLER *v.* PARKE'S ESTATE.

SUBSCRIPTIONS—CONSTRUCTION.

A subscription to the endowment fund of a diocese in the following form: "Payable at my death, provided for in my will, and agreement to pay interest on same at 6 per cent. semi-annually from the date that $50,000 is subscribed, $2,500,"—is an unconditional subscription of $2,500, payable at death.

Error to Wayne; Rohnert, J. Submitted June 6, 1902. (Docket No. 34.) Decided June 27, 1902.

Albert E. Miller, treasurer of the diocese of Marquette, presented a claim against the estate of Hervey C. Parke, deceased, for the amount of a subscription. The claim was disallowed by the commissioners, and claimant appealed to the circuit court, where verdict was directed for defendant. Claimant brings error. Reversed.

*Gray & Gray*, for appellant.

*Wells, Angell, Boynton & McMillan*, for appellee.

HOOKER, C. J. At the triennial convention of the Protestant Episcopal Church of the United States held at Minneapolis in October, 1895, provision was made for the diocese of Marquette, at which time proof of the necessary endowment fund was furnished to the "house of bishops." This included the first subscription of Mr. Parke, hereinaftermentioned. This first subscription was for $2,500, and was upon the conditions named at the head of the paper. It was followed by this writing, viz.: "H. C. Parke, on same conditions as named by Peter White, above mentioned, twenty-five hundred dollars ($2,500)." The subscription referred to was:

"Peter White, Marquette, Mich., upon following condi-

tions, viz.:   Additional to $2,500, payable at my death, provided for in my will, and agreement to pay interest on same at six per cent. semi-annually from the date that fifty thousand dollars is subscribed, $2,500."

The defendant asserts that this should be construed as a promise to pay $2,500 at the death of the subscriber, provided that the sum of $50,000 should be subscribed within a reasonable time, and before death.   We are of the opinion that it was not conditioned upon the subscription of $50,000, but was an unconditional subscription of $2,500, payable at death.   We think it is not affected by the statement that it shall be mentioned in the subscriber's will.

The order of the circuit court *is* reversed, with costs, and the cause remanded for further proceedings.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.